FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 MAR 27 PM 1:10

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOE BROUGHTON, | ) |
| Plaintiff, | ) |
| vs. | ) CV-98-PT-3111-M |
| COMMISSIONER JOE HOPPER, ET AL., | ) |
| Defendants. | ) |

ENTERED

MAR 27 2003

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 6, 2002, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on December 4, 2002.

In his objections, plaintiff disagrees with the magistrate judge's conclusion that the defendants are entitled to summary judgment with respect to his claim that he has been denied medical treatment for itching, rashes, and the sores caused by scratching. Plaintiff states specifically in his objections "[t]o the degree the Magistrate concluded this was a disagreement between physicians over conflicting forms of treatment, the Plaintiff would object". Plaintiff argues that defendant Hammack's actions "could very well have been motivated by the costs of the treatment prescribed by Maddux, as well as any other number of equally unconstitutional motivation". The court notes that plaintiff did not offer any evidence to support his allegations. The very language used by plaintiff indicates that he does not have any evidence to support his allegations. Plaintiff's statement that defendant Hammack's actions "could very well have been ...." is pure speculation. Plaintiff's allegations are vague and conclusory, *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984),

62

and without factual basis, *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Even a *pro se* plaintiff "must allege facts, not legal conclusions." *Hanson v. Town of Flower City*, 679 F.2d 497, 504 (5th Cir. 1982).

      In addition, the court notes that plaintiff failed to even mention the other two reasons relied upon by the magistrate judge to determine that plaintiff's claim fails. As noted by the magistrate judge in his report and recommendation, plaintiff has failed to show that the itching and rashes caused by dialysis are serious medical conditions nor has he shown that the sores on his body which he himself caused by scratching have caused him to have a serious medical need. Secondly, plaintiff states in his response to the defendants' special reports, that defendant Dr. Maddux told him that the extreme itching problems were related to his diet. As noted in the report and recommendation, plaintiff does not allege that he has been forced to consume the offending foods and it is undisputed that plaintiff may substitute other food items for the food which he should avoid. The court concludes that the magistrate judge correctly concluded that the defendants are entitled to summary judgment with respect to plaintiff's claim that he has been denied medical treatment for itching, rashes, and the sores caused by scratching.

      Further, in plaintiff's objections to the report and recommendation, plaintiff states that to the degree that the magistrate judge concludes that the defendants are entitled to summary judgment, he would object due to there being a conflict in the evidence and several sets of facts that are in dispute in regards to the diet and the feeding patterns of the defendants. Plaintiff's arguments are illogical. In paragraph two of page three of his objections, plaintiff states that the menu provided by the defendants has no special consideration "built in" for the conditions of inmates with special dietary restrictions or needs. However, in the sentence prior to that, plaintiff acknowledges that the

defendants "substitute certain foods [for dialysis patients] which are allowed". It appears that plaintiff is only concerned with the fact that there may not be anything **written** in the prison menu which specifically mentions dialysis patients. As noted by the magistrate judge in the report and recommendation, it is undisputed that regular menus are modified by eliminating foods to be avoided and replacing them with allowed foods in a comparable food group with salt and certain seasonings omitted. Clearly, inmates are not forced to eat what they should not eat. It is up to the inmate to choose not to eat the foods that he knows he should not eat and to select the comparable foods that do not contain salt and certain seasonings. As long as comparable foods are being provided, it should not make a difference whether or not it is not written in the prison menu.

Plaintiff also claims that the magistrate judge completely ignored the serving of orange juice and the Sunshine Orange Breakfast Drink which he contends defendant Dr. Maddux opposes. Plaintiff has not presented any evidence to show that inmates are forced to drink either orange juice or the Sunshine Orange Breakfast Drink. Clearly, just because something is served to an inmate, that does not mean he has to drink it. Plaintiff does not allege that he is not allowed to substitute water or something else to drink.

Plaintiff claims further that the magistrate judge ignored or discounted a statement in inmate Ernest Hubbard's affidavit that "the dialysis patients were fed a meal that did not comply with the dietary restrictions of their condition". It is noted that inmate Hubbard does not state specifically that plaintiff was among the inmates who were allegedly served a meal that did not comply with the dietary restrictions of dialysis patients. However, even if plaintiff was one of the inmates who was served **a** meal that did not comply with the dietary restrictions of dialysis patients, that **one** meal is not enough to substantiate plaintiff's claim that the defendants have been deliberately indifferent to

his serious medical need by failing to provide him with a special diet which is compatible with dialysis treatments.

Finally, the plaintiff relies heavily on his contention that defendant Dr. Maddux "was not happy with the dietary provisions for the ESRD patients". The magistrate judge correctly concluded in his report and recommendation that a disagreement between two doctors, in this case Dr. Maddux and Dr. Hammack, as to the course of treatment, does not state a violation of the Eighth Amendment, since there may be several acceptable ways to treat a medical condition. *White v. Napoleon*, 897 F.2d 103, 110 (3rd Cir. 1990).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 27th day of March, 2003.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE